IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CALVERT M. WILSON, an individual, | * | |
| | * | |
| Plaintiff, | * | Case No.: _____ |
| | * | |
| v. | * | |
| | * | PLAINTIFF'S MOTION FOR TEMPORARY |
| | * | RESTRAINING ORDER; AND ORDER TO |
| HOME-SAVERS, LLC, a foreign limited | * | SHOW CAUSE RE: PRELIMINARY |
| liability company; 1905 2nd STREET, NE, | * | INJUNCTION |
| LLC, a limited liability company; LUTHER | * | |
| HECTOR, an individual; and BARRETT | * | |
| WARE, an individual, | * | |
| | * | |
| Defendants. | * | |
| | * | ORAL ARGUMENT REQUESTED |
| | * | |
| | * | |
| | * | |
| ************************************ | * | |

Plaintiff Calvert M. Wilson, by undersigned counsel, respectfully submits this Memorandum in Support of Motion for Temporary Restraining Order; and Order to Show Cause Re: Preliminary Injunction to enjoin Defendants (collectively, the "Home Savers Group") from attempting to enforce the terms and conditions of an unlawful HOEPA loan, including the unauthorized exercise or attempt to exercise unlawful dominion and control that certain improved real property known as 1905 2nd Street, NE, Washington, DC 20002 (the "2nd Street Property"). Plaintiff hereby incorporates the Verified Complaint, the Exhibits thereto and his Declaration (the "Wilson Declaration") as if fully set forth herein.

I.   BACKGROUND

This Motion seeks injunctive relief to remedy an unconscionable predatory lending and equity stripping scheme by the Home Savers Group under which Defendants advanced

$30,525.14 on Wilson's behalf during November 2004, without first seeking Bankruptcy Court approval, to stop what Plaintiff believes was a wrongfully noticed foreclosure sale of the 2nd Street Property by ABN AMRO Mortgage Group, Inc. ("ABN AMRO" or the "Mortgage Company"), the law firm of Friedman & MacFayden, PA and certain of its attorney (collectively, the "Friedman Law Firm").[1]

After making the HOEPA loan, Defendants began engaging in patently offensive and abusive collection activities, including harassing telephone calls, interfering with Plaintiff's efforts to refinance the debt, and improper contacts with persons or individuals that were known to be doing business with Plaintiff. *See generally* Wilson Declaration.

On January 12, 2006, it came to Plaintiff's attention that Home Savers Group has now recorded or otherwise filed certain documents, <u>without prior notice to Plaintiff and against Plaintiff's will</u>, with the D.C. Recorder of Deeds indicating that Wilson allegedly sold the 2nd Street Property to Defendants on November 9, 2005 for $166,000. *See generally* Declaration of Calvert M. Wilson, a true and correct copy of which is attached hereto as Exhibit "1".

There was no real estate sale by and between Wilson and Defendants involving the 2nd Street on November 9, 2005 or any other date. Rather, the Home Savers Group recorded alleged sale and related documents with the D.C. Recorder of Deeds because Wilson has resisted demands that he repay the high costs associated with the unlawful HOEPA loan including $30,525.14 in principal, 20% interest and 50% of the equity in Plaintiff's house, i.e., an amount equal to or exceeding $125,000.

---

[1] Plaintiff presently is prosecuting claims against ABN AMRO and the Friedman Law Firm in a related action before this Court under Civil Action No. 05-CV-0108 JDB (D.D.C.). Among others claims, Plaintiff contends that he was forced to accept HOEPA loan to stop the improperly noticed foreclosure sale of the 2nd Street Property by ABN AMRO and the Friedman Law Firm.

The loan terms and conditions extended by Home Savers to Wilson for the express purpose of averting foreclosure by ABN AMRO and the Friedman Law Firm are harsh, oppressive, predatory, inequitable unfair and unconscionable. Moreover, Defendants preyed on Wilson to accept the loan and then engaged in abusive collection practices were so outrageous that it rises to the level of fraud, ill will, recklessness or willful disregard of Plaintiff's rights.

In sum, defendant Home Savers (via its 1905 2nd Street, NE, LLC affiliate) apparently can acquire fee simple ownership and title to the 2nd Street Property (a property then worth $379,000 circa November 2004, and now worth over $425,000) for a mere $30,525.14 absent rescission of the transaction or other appropriate relief by this Court.

Absent immediate judicial intervention, Wilson will lose ownership, possession and control of the 2nd Street Property.

## II.    LEGAL ANALYSIS

A preliminary injunction is the appropriate remedy to halt Defendants' abusive and unlawful loan administration and debt collection practices that continually deny Plaintiff's rights to the quiet ownership, use and enjoyment of the 2nd Street Property, and improperly bash his credit history. *See Perpetual Bldg. v. District of Columbia*, 618 F. Supp. 603, 618 (D.D.C. 1985) (concluding that the prospect of owner's loss of real property constitutes irreparable harm; injunction granted); 1010 Potomac Associates v. Grocery Manufacturer's of America, Inc., 485 A.2d 199, 212 (D.C. 1985) (when real property is the subject matter of the dispute, money damages are inadequate as a remedy because each parcel of real property is deemed unique in nature).

When considering the propriety of injunctive relief, the courts in this Circuit evaluate four factors: (1) likelihood of success on the merits; (2) irreparable harm; (3) whether injunctive

relief will substantially harm the defendant; and (4) whether injunctive relief is in the public interest. *See McVeigh v. Cohen*, 983 F. Supp. 215, 218 (D.D.C. 1998) (citing *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)). No one factor is dispositive, rather "[t]hese factors interrelate on a sliding scale and must be balanced against each other." *Serono Laboratories, Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998). For instance, a particularly strong argument for one factor can overcome a weaker argument for another. *See CityFed Financial Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995).

Plaintiff's prayer for equitable relief satisfies all four factors and a preliminary injunction is the necessary and appropriate remedy for the irreparable harm Plaintiffs has and continues to suffer because of Defendants unlawful and inequitable conduct.

A. **Defendants' misconduct violates Plaintiff's Rights**

   1. **Plaintiff's claims are meritorious**

Although it is well settled that a movant seeking provisional injunctive relief must show a likelihood of success on the merits, this element need not be demonstrated with absolute certainty. In *Holiday Tours*, the D.C. Circuit recognized nearly 30 years ago:

> Generally, such relief is preventative, or protective; it seeks to maintain the status quo pending a final determination of the merits of the suit. **An order maintaining the status quo is appropriate when a serious legal question is present, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant**. There is substantial equity, and need for judicial protection, whether or not movant has shown a mathematical probability of success.

*Holiday Tours*, 559 F.2d 844 (emphasis added); *see also In re Antioch University*, 418 A.2d 105, 110 (D.C. 1980). The claims set forth in the Verified First Amended Complaint are serious and substantial in nature, and are amply supported by the accompanying documentation. As such,

4

this Memorandum highlights those consumer protection violations that are most salient to provisional relief. *Accord* D.C. Code Ann. 28-3905(k)(1)(D) (injunctive relief available to enjoin unlawful trade practices in violation of D.C. law).

**Defendants' numerous statutory violations warrant an injunction**

Under the Home Ownership Equity Protection Act Amendments to the federal Truth in Lending Act, it is unlawful for a lender to make a high cost, sub-prime loan to a borrower when the basis for the loan is value of the victim's equity in the property. *See* 15 U.S.C. §§ 1601, 1602(aa) *et seq*. It is axiomatic that a violation of the federal Truth in Lending Act (and its HOEPA Amendments) also constitutes violations of D.C. consumer mortgage and foreclosure laws and regulations.

Here, the actual loan documents (attached as Exhibit "5" to the Verified Complaint) and other record evidence (e.g., Wilson Declaration) demonstrate that Defendants failed to abide by or otherwise follow federal and local consumer protection laws in the administration or collection of payments allegedly due by Plaintiff under a residential mortgage. Moreover, as set forth more fully in the Wilson Declaration, Defendants engaged in fraudulent acts to induce Plaintiff to enter into the transaction, all the while knowing that the terms either were too onerous to be satisfied or that they would achieve a substantial windfall on default, i.e., ownership of the 2nd Street Property. When viewed as a whole, however, the appropriateness of injunctive relief overwhelmingly tips in favor of granting an injunction pending a resolution of the merits.

**2. Plaintiff has and will continue to suffer irreparable harm**

The primary purpose of a preliminary injunction is to prevent irreparable injury and to preserve the Court's ability to render a meaningful decision on the merits. Thus, irreparable

5

injury generally is regarded as one of the most important factors involved in the Court's determination of whether to grant injunctive relief. *See, e.g., Wieck v. Sterenbuch*, 350 A.2d 384, 387-88 (D.C. 1976). When real property interests are at stake, the legal remedy of damages is inadequate, and injunctive relief is a common remedy to preserve such interests. *See, e.g., 1010 Potomac Associates v. Grocery Manufacturers of America, Inc.*, 485 A.2d 199, 212 (D.C. 1985); Flack v. Laster, 417 A.2d 393, 400 (D.C. 1980). Moreover, the loss or involuntary forfeiture of real property via foreclosure constitutes irreparable harm, particularly when, as here, the real property is the claimant's only substantial asset. A*ccord Perpetual Building v. District of Columbia*, 618 F. Supp. 603, 616 (D.D.C. 1985) (concluding that loss of owner's real property, which is its primary tangible asset, constitutes irreparable harm).

Here, the loss of the 2nd Street Property would be devastating to Plaintiff and his family, and cause him to lose all his equity in the home he has owned since 1996. Given the on-going difficulties Plaintiff has experienced Home Savers and its agents, including improper contacts or interference persons or entities with which Wilson did business, there is no amount of money that could adequately compensate Wilson if he were to lose the 2nd Street Property based on Defendants' misconduct.

### 3. The Balance of the Equities favors injunctive relief

The balance of the harm Wilson and his children will suffer if the 2nd Street Property is lost pending the outcome of this litigation far outweighs any harm to Defendants. On the other hand, Defendants will not be stripped of any alleged rights in the house if an injunction issues because substantially all the relief requested by Plaintiff is provided for by statute, i.e., Defendants are obligated to obey the law and/or modify their behavior if it is determined they are, individually or collectively, violating the law.

Moreover, as evidenced by this Court's January 12, 2006 Order in Civil Action No. 05-CV-0108, Defendants have engaged in lawless behavior under which they apparently believe they can do whatever they want; whenever they want with impunity. Absent a Court order, it is a virtually lock that Defendants will not cause further harm to Plaintiff's rights and interests, as well as those of the other tenants at the 2nd Street Property.

Finally, the value of the 2nd Street Property is almost four times the alleged balance of the Note, i.e., $379,000 (*see* Property Appraisal at Exhibit "4" to the Verified Complaint), thus leaving Defendants with more than adequate security to protect their interests after a resolution on the merits.

### 4. Granting an injunction is in the public interest

Finally, the public interest in these records weighs in favor of granting preliminary injunctive relief. As described above, when a statute expressly prohibits the actions that the plaintiff seeks to enjoin (i.e., deceptive trade practices against consumers), the public interest weighs heavily in favor of compelling defendants to comply with the law. *See* Wright, Miller & Kane, *Federal Practice and Procedure* § 2948.4, at 209 (1995). Granting a preliminary injunction also will serve the public interest because it will permit sufficient time for this Court to untangle any defects in the security instruments or title without the addition of other non-parties; the contrary certainly would give rise to additional claims and parties thus impressing further burdens on the already scarce resources of this Court and Plaintiff.

The public has a standing interest in orderly administration of justice and curbing predatory lending. In fact, since the commencement of this action, further efforts to eliminate predatory lending have been initiated by, among others, the U.S. Congress, the Office of the Comptroller of the Currency, the U.S. Justice Department, the Federal Trade Commission, the

Department of Housing and Urban Development, the D.C. Office of Insurance and Banking, and numerous consumer rights organizations.

The amount of security is a matter entrusted to the sound discretion of the trial court. *Friends for All Children v. Lockheed*, 746 F.2d 816 (D.C. Cir. 1984). Because Plaintiff is an hourly employee at the Washington Sewer and Water Authority with six children, and the value of the 2nd Street Property is nearly $500,000, no bond should be required.

Even if this Court somehow were to determine that a bond is required, despite the high market value of the 2nd Street Property and Plaintiff's limited, financial resources, the strong public interest in this case would favor only a nominal bond under Rule 65(c). Indeed, this Court and other courts have recognized that in actions such as this one, when the plaintiff is seeking to benefit the general public by enforcing a federal statute, a nominal bond is appropriate. *Natural Resources Defense Council v. Morton*, 337 F. Supp. 167 (D.D.C. 1971), *aff'd on other grounds*, 458 F.2d 827 (D.C. Cir. 1972) (requiring a substantial bond would effectively preclude judicial review; bond of only $100 required in the face of estimate of millions of dollars in damages from injunction against leasing operations on continental shelf); *see also Baxley v. Corps. of Engineers*, 411 F. Supp. 1261, 1275 (N.D. Ala. 1976) (one dollar bond required for injunction to enforce federal statute).

IV.    CONCLUSION

For the foregoing reason, plaintiff Calvert M. Wilson respectfully prays for a preliminary injunction against Defendants and all those acting in concert with them who receive an actual copy of an order granting injunctive relief against any actual or attempted efforts to sell, assign, transfer or further encumber the 2nd Street Property; safeguard all the relevant evidence pending the resolution of this case on the merits, and prohibit further contacts with

8

tenants at the 2nd Street Property, together with such further relief favoring Plaintiff as this Court deems proper under the circumstances.

                              Respectfully submitted,

                              By: **/s/Rawle Andrews J**
                              Rawle Andrews Jr. (DC 436283)
                              ANDREWS & BOWE, PLLP
                              1717 K Street N.W., Suite 600
                              Washington, DC 20036
                              Office: (202) 349-3975
                              Fax: (410) 510-1034
                              Attorney for Plaintiff

Dated:  January 13, 2006

### CERTIFICATE OF SERVICE & CERTIFICATION UNDER LCvR 65.1

      I hereby certify on this the 13th day of January, 2006, I caused a copy of the foregoing **"PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION"** that was filed with the Court on this date in the above captioned matter to be sent via certified mail, return receipt requested Defendants identified below:

Home Savers, LLC
Suite 600
1717 K Street, NW
Washington, DC 20036

1905 2nd Street, NE
Suite 600
1717 K Street, NW
Washington, DC 20036

Luther Hector
Suite 600
1717 K Street, NW
Washington, DC 20036

Barrett Ware
Suite 600
1717 K Street, NW
Washington, DC 20036

                              **/s/Rawle Andrews Jr., Es**
                              Rawle Andrews Jr., Esq.
                              Counsel for Plaintiff