IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALVERT M. WILSON, an individual, | * |
| | * |
| Plaintiff, | * Case No.: 1:06-CV-00069 (JDB) |
| | * |
| v. | * |
| | * |
| | * |
| HOME SAVERS, LLC, a foreign limited | * |
| liability company; 1905 2nd STREET, NE, | * |
| LLC, a foreign limited liability company; | * **APPLICATION FOR EXPEDITED HEARING** |
| LUTHER HECTOR, an individual; and | * **RE: PLAINTIFF'S MOTION FOR** |
| BARRETT WARE, an individual, | * **TEMPORARY RESTRAINING ORDER** |
| | * **[Docket No. 6]** |
| Defendants. | * |
| | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  *

Pursuant to LCvR 65.1(d), plaintiff Calvert M. Wilson ("Wilson" or "Plaintiff"), by undersigned counsel, respectfully requests an Expedited Hearing on his Motion for Temporary Restraining Order to preserve the *status quo* in this matter until this Court can determine whether Defendants have complied with, *inter alia*, the federal Truth-in-Lending Act, as amended by the Home Ownership Equity Protection Act, and the D.C. Consumer Protection Procedures Act in their dealings with Wilson, including Defendants recent exercise of unlawful dominion and control over the so-called 2nd Street Property combined with acts on-going intimidation and harassment of its tenants, all of whom are Section 8 residents with written leasehold agreements with Wilson, before and since this action was filed and served.

WHEREFORE, plaintiff Calvert M. Wilson respectfully prays for an Expedited Hearing on Plaintiff's Motion for Temporary Restraining Order, together with such further relief favoring Plaintiff as this Court deems proper under the circumstances.

>Respectfully submitted,
>
>By: _/s/ *Rawle Andrews Jr.*_____
>Rawle Andrews Jr. (DC 436283)
>ANDREWS & BOWE, PLLP
>1717 K Street N.W., Suite 600
>Washington, DC 20036
>Office: (202) 349-3975
>Fax: (410) 510-1034
>Attorney for Plaintiff

Dated: January 23, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of January 2006, I caused a copy of the foregoing **"APPLICATION FOR EXPEDITED HEARING RE: PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER"** that was filed with the Court on this date in the above captioned matter to be served on all Defendants via facsimile number provided by Defendants in their January 7, 2006 correspondence to the 2nd Street Property tenants, and first class mail, postage prepaid as follows:

| | |
|---|---|
| Home-Savers, LLC<br>Suite #600<br>1717 K St., N.W.<br>Washington, DC 20036<br>Facsimile: 202-726-8870 | 1905 2nd St., LLC<br>Suite #600<br>1717 K St., N.W.<br>Washington, DC 20036<br>Facsimile: 202-726-8870 |
| Luther Hector<br>Suite #600<br>1717 K St., N.W.<br>Washington, DC 20036<br>Facsimile: 202-726-8870 | Barrett Ware<br>Suite #600<br>1717 K St., N.W.<br>Washington, DC 20036<br>Facsimile: 202-726-8870 |

>/s/ *Rawle Andrews Jr.*_____
>Rawle Andrews Jr., Esq.
>Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CALVERT M. WILSON, an individual, | * * | |
| Plaintiff, | * * | Case No.: 1:06-CV-00069 (JDB) |
| v. | * * * * | |
| HOME SAVERS, LLC, a foreign limited liability company; 1905 2nd STREET, NE, LLC, a foreign limited liability company; LUTHER HECTOR, an individual; and BARRETT WARE, an individual, | * * * * * * | **MEMORANDUM IN SUPPORT OF APPLICATION FOR EXPEDITED HEARING RE: PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |
| Defendants. | * * * * | **[Docket No. 6]** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  \*

Pursuant to LCvR 65.1(d), plaintiff Calvert M. Wilson ("Wilson" or "Plaintiff"), by undersigned counsel, respectfully submit this Memorandum in Support of his Application for Expedited Hearing on his Motion for Temporary Restraining Order to preserve the *status quo* in this matter until this Court can determine whether Defendants have and are acting lawfully and equitably in their dealings with Wilson and the other tenants at the 2nd Street Property.

Before and since the filing and service of process and the TRO Motion, Defendants have been engaged in activities that threaten Plaintiff's and the other 2nd Street Property tenants' rights and interests in residential real property. Based on a preliminary investigation of the current situation, Plaintiff's counsel is concerned that the instability and uncertainty Defendants are causing by their on-going actions at the 2nd Street Property is creating turmoil and personal

safety hazards that could become even more pronounced if Defendants take further steps to interfere with or hinder Wilson's or the tenants' rights in and access to the 2nd Street Property before or after **February 1, 2006** when the next rental payments are due, and before this Court has had an opportunity to determine whether Defendants' are acting lawfully and in good faith. The Local Rules of this Court do not contemplate expedited consideration of the TRO Motion before February 1st absent a formal request for immediate action. *See* LCvR 65.1(d).

In further support of the Application, Plaintiff hereby states as follows:

1. On January 13, 2006, Wilson filed a seven (7) count Verified Complaint against Defendants seeking declaratory, injunctive and monetary relief to remedy intentional violations of federal and District of Columbia law arising out of and related to the making and collection of a HOEPA loan.[1] Plaintiff served Defendants with official Summonses, copies of the Verified Complaint, as well as his Motion for Temporary Restraining Order, Supporting Memorandum and Exhibits (the "TRO Motion") on January 18, 2006.

2. On January 19, 2006, Defendants acknowledged service of process and the TRO Motion as evidence by the signed return receipt requested cards from the U.S. Postal Service, true and correct copies of which are attached hereto as Exhibit "A". *After* the filing and service of the process and the TRO Motion, Defendants escalated their unlawful actions at Wilson's expense by harassing, threatening and intimidating the 2nd Street Tenants, all with out forewarning or notice to Plaintiff.

3. For example, on the evening of January 19, 2006, Defendants dispatched a lock smith, who identified himself as "John Barrett", to the 2nd Street Property to change the locks on the

---

[1] On January 7, 2006, Defendants hand delivered letters to the 2nd Street Property tenants informing them that, among other things, Wilson had sold the property to Defendants and they were the new landlords, and demanded that rent be mis-directed to Defendants. A true and correct copy of the letter is attached as Exhibit "9 to the Verified

2

property. Apparently because the lock smith had difficulties gaining entry to the premises, he used deception or some other artifice to convince on the tenants, Ms. Tjuana Phillips to gain entry into the property. According to Ms. Phillips, after "Mr. Barrett" gained entry, he attempted to change the locks, but was delayed because of her protestations that Plaintiff was the property owner-landlord and that she had no official notice of any sale. *See* Declaration of Tjuana Phillips, a true and correct copy of which is attached as Exhibit "11" to the TRO Motion. However, before leaving the 2nd Street Property, "Mr. Barrett" improperly placed a piece of duct tape over the lock to the common area door to keep it from locking. Later that night, Defendants or their agent returned to the 2nd Street Property and changed the locks.

4. On the early morning of Friday, January 20, 2006, Defendants or their agents apparently returned to change the locks at the 2nd Street Property. Although Plaintiff does not know the exact time Defendants changed the locks, Wilson did discover that the locks were changed when he inspected the property at approximately 9:00 a.m. that morning.

5. Between the afternoon of January 20th and Saturday, January 21, 2006, Plaintiff had several discussions with the tenants at the 2nd Street Property in attempt to alleviate the confusion caused by Defendants' act and omissions, and to eliminate the need for immediate judicial relief. Unfortunately, Defendants conduct, including harassing telephone call and impromptu visits to the property to demand rent, have worsened the situation. During this second wave of contacts with the tenants, Defendants or their agent apparently changed the ownership story, and now claim that Defendants foreclosed on the 2nd Street Property—which, if true, would be an F.R.E. 801 admission of *per se* violations under, *inter alia,* the D.C. Right to Cure a Residential Mortgage Foreclosure Default Act and related regulations. *See, e.g., Bank-Fund Staff Fed.*

---

Complaint [Docket No. 1]. Over the January 20th weekend, Defendants and their agents changed their story and began informing 2nd Street Property tenants that they had foreclosed on the 2nd Street Property.

3

*Credit Union v. Cuellar*, 639 A.2d 561 (D.C. 1994) (no foreclosure on property is permitted in D.C. without the issuance of a valid foreclosure notice thirty days prior to the sale; strict obedience with non-judicial foreclosure rules is required).

6. To add insult to injury, defendant Barrett Ware made yet another impromptu visit to the 2nd Street Property on Sunday, January 22, 2006. Based on undersigned counsel's telephone discussions with Ms. Tjuana Phillips during the evening of January 22nd, it is apparent that she is and the other 2nd Street Property tenants are under a great deal of stress as a result of Defendants' misconduct including, but not limited to, direct threats made to by defendant Ware.

7. Consequently, this Court should determine as soon as possible whether to maintain the *status quo* until this Court can carefully consider whether Defendants are acting within the bounds of law and equity. Otherwise, Plaintiffs' and the 2nd Street Property tenants' rights to the quiet possession, use and enjoyment in the property will be permanently compromised before any judicial review of this dispute. *See, e.g., Perpetual Bldg. v. District of Columbia*, 618 F. Supp. 603, 618 (D.D.C. 1985) (loss of real property constitutes irreparable harm).

WHEREFORE, plaintiff Calvert M. Wilson respectfully prays for an Expedited Hearing on Plaintiff's Motion for Temporary Restraining Order, together with such further relief favoring Plaintiff as this Court deems proper under the circumstances.

Respectfully submitted,

By: _/s/ Rawle Andrews Jr._
Rawle Andrews Jr. (DC 436283)
ANDREWS & BOWE, PLLP
1717 K Street N.W., Suite 600
Washington, DC 20036
Office: (202) 349-3975
Fax: (410) 510-1034
Attorney for Plaintiff

Dated: January 23, 2006

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 23rd day of January 2006, I caused a copy of the foregoing **"MEMORANDUM IN SUPPORT OF APPLICATION FOR EXPEDITED HEARING RE: PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER"** that was filed with the Court on this date in the above captioned matter to be served on all Defendants via facsimile number provided by Defendants in their January 7, 2006 correspondence to the 2nd Street Property tenants, and first class mail, postage prepaid as follows:

Home-Savers, LLC
Suite #600
1717 K St., N.W.
Washington, DC 20036
Facsimile:  202-726-8870

1905 2nd St., LLC
Suite #600
1717 K St., N.W.
Washington, DC 20036
Facsimile:  202-726-8870

Luther Hector
Suite #600
1717 K St., N.W.
Washington, DC 20036
Facsimile:  202-726-8870

Barrett Ware
Suite #600
1717 K St., N.W.
Washington, DC 20036
Facsimile:  202-726-8870

　　　　　　　　　　　　　　　　　　/s/ *Rawle Andrews Jr.*
　　　　　　　　　　　　　　　　　　Rawle Andrews Jr., Esq.
　　　　　　　　　　　　　　　　　　Counsel for Plaintiff

5

# EXHIBIT "A"

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Veronica Garcia*   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name): Veronica Garcia    C. Date of Delivery: 1/19/06<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br>1905 2nd St., N.E., LLC<br>c/o Home-Savers, LLC<br>1717 K St., N.W. #600<br>Washington, D.C. 20036<br>Atten: Barrett Ware | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7005 1820 0007 7537 5157 |
| PS Form 3811, February 2004 | Domestic Return Receipt  102595-02-M-1540 |

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Veronica Garcia*   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name): Veronica Garcia    C. Date of Delivery: 1/19/06<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br>Homesavers, LLC<br>1717 K St., N.W., #600<br>Washington, D.C. 20036<br>Atten: Barrett Ware | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7005 1820 0007 7537 5171 |
| PS Form 3811, February 2004 | Domestic Return Receipt  102595-02-M-1540 |

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: X [signature] ☐ Agent ☐ Addressee
B. Received by (Printed Name): Robinson
C. Date: JAN 19 2006
D. Is delivery address different from item 1? ☐ Yes / ☐ No

1. Article Addressed to:

Home-Savers, LLC
1717 K St., N.W. #600
Washington, D.C. 20036
Attn: Barrett Ware

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7005 1820 0007 7537 5164

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: X Veronica Garcia ☐ Agent ☐ Addressee
B. Received by (Printed Name): Veronica Garcia
C. Date of Delivery: 1/19/06
D. Is delivery address different from item 1? ☐ Yes / ☐ No

1. Article Addressed to:

Home-Savers, LLC
1717 K St., N.W. #600
Washington, D.C. 20036
Attn: Luther Hector

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7005 1820 0007 7537 5126

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CALVERT M. WILSON, an individual, | * | |
| | * | |
| Plaintiff, | * | Case No.: 1:06-CV-00069 (JDB) |
| | * | |
| v. | * | |
| | * | |
| | * | |
| HOME SAVERS, LLC, a foreign limited | * | |
| liability company; 1905 2nd STREET, NE, | * | |
| LLC, a foreign limited liability company; | * | [PROPOSED] ORDER GRANTING |
| LUTHER HECTOR, an individual; and | * | APPLICATION FOR EXPEDITED HEARING |
| BARRETT WARE, an individual, | * | RE: PLAINTIFF'S MOTION FOR |
| | * | TEMPORARY RESTRAINING ORDER |
| Defendants. | * | |
| | * | |
| | * | |
| | * | |
| ********************************** | * | |

Upon consideration of the Application for Expedited Hearing on Plaintiff's Motion for Temporary Restraining Order, and for good cause shown, it is this the ____, day of _____, 2006, hereby,

**ORDERED** that Plaintiff's Application for Expedited Hearing shall be, and hereby is, Granted; and it is further,

**ORDERED** that the parties shall appear before this Court at _____ a.m./p.m. on _____, 2006, for oral argument on Plaintiff's Motion for Temporary Restraining Order; and it is further,

**ORDERED** that Plaintiff shall cause a copy of this Order to be served on Defendants via facsimile and certified mail forthwith, and that Defendants shall file and serve a written response, if any, to Plaintiff's Motion for Temporary Restraining Order within two (2) days of the Hearing.

_____
Honorable John D. Bates
United States District Judge
