UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CALVERT M. WILSON,

    Plaintiff,

        v.                          Civil Action No. 06-0069 (JDB)

HOME SAVERS, LLC, et al.,

    Defendants.

### ORDER

Upon consideration of [17] defendant's motion to dismiss for want of subject-matter jurisdiction and the supplemental memoranda of the parties addressing the jurisdictional basis for this civil action, it is this 3rd day of April, 2006, hereby

**ORDERED** that defendants shall, by not later than April 14, 2006, file a response to plaintiff's assertion that this Court has subject-matter jurisdiction over all claims in the complaint pursuant to 28 U.S.C. § 1332(a)(1), which confers upon federal district courts original jurisdiction over any civil action between "citizens of different states" when the matter in controversy exceeds the sum or value of $75,000. Because plaintiff has alleged that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000, this Court has jurisdiction over any claims between the parties unless defendants submit evidence that would refute plaintiff's jurisdictional allegations. In this case, the Court will have jurisdiction over all of plaintiff's claims unless there is evidence before the Court that one or more of the defendants was, like plaintiff, a citizen of the District of Columbia for purposes of Section 1332 at the time this

action commenced.[1]  See Prakash v. Am. Univ., 727 F.2d 1174, 1178 n.25 (D.C. Cir.1984) ("Federal diversity jurisdiction is lacking if there are any litigants from the same state on opposing sides."); Johnson-Brown v. 2200 M Street LLC, 257 F. Supp. 2d 175, 179-80 (D.D.C. 2003) (holding that limited liability companies do not enjoy corporate citizenship for purposes of diversity jurisdiction and therefore, like partnerships, carry the citizenship of their members).  If defendants fail to respond within the time prescribed, the Court will treat as conceded plaintiff's factual allegations in support of jurisdiction.  See L. Civ. R. 7(b).  It is further

**ORDERED** that, in the event that defendants contest the factual basis for diversity jurisdiction, defendants also shall address whether this Court has jurisdiction under 28 U.S.C. § 1331 over some or all of Counts I and Counts III through VII of plaintiff's complaint based upon underlying questions of bankruptcy law (i.e., irrespective of any jurisdiction over plaintiff's asserted cause of action under the Truth in Lending Act, as amended by the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1601 et seq.).  See, e.g., Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 125 S.Ct. 2363 (2005) (finding jurisdiction under Section 1331 over a quiet-title action where an essential element of the claim presented a question of federal tax law); 40235 Washington St. Corp. v. W.C. Lusardi, 329 F.3d 1076, 1079-80 (9th Cir. 2003) (finding federal jurisdiction under Section 1331 over a quiet-title action where resolution of the claim turned on an interpretation of the federal Bankruptcy Code).  It is further

**ORDERED** that defendants' response on these points shall not exceed fifteen (15) pages.

---

[1] Alternatively, the Court would lack jurisdiction under Section 1332 if defendants produced evidence that makes "clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover [$75,001 or more]."  Naegele v. Albers, 355 F. Supp. 2d 129, 134 (D.D.C. 2005).

And it is further

**ORDERED** that plaintiff shall not file a reply to defendants' submission unless directed by the Court to do so.

/s/ John D. Bates  
JOHN D. BATES  
United States District Judge

Copies to:

Rawle Andrews, Jr.
ANDREWS & BOWE, PLLP
1717 K Street, NW, Suite 600
Washington, DC  20036
Email: randrews@andrewsgroup.org

    *Counsel for plaintiff*


Richard David Mirsky
OFFIT KURMAN ATTORNEYS AT LAW
8171 Maple Lawn Boulevard, Suite 200
Maple Lawn, MD  20759
Email: rmirsky@offitkurman.com

    *Counsel for defendants*