# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

CALVERT M. WILSON, an individual,          \*
                                              \*
              Plaintiff,           \*    Case No.:  1:06CV00069 (JDB)
                                                \*
          v.                         \*
                                                \*

HOME-SAVERS, LLC, a foreign limited    \*
liability company; 1905 2nd STREET, NE,    \*
LLC, a limited liability company;  LUTHER \*
HECTOR, an individual; and BARRETT    \*
WARE, an individual,                   \*
                                              \*
             Defendants.           \*
                                              \*
                                              \*
                                              \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*

## PLAINTIFF'S REPLY AND AFFIRMATIVE DEFENSES
## TO DEFENDANT'S COUNTERCLAIM

      Plaintiff Calvert M. Wilson ("Wilson" or "Plaintiff"), by undersigned counsel, respectfully submits this Reply and Affirmative Defenses to Defendant's Counterclaim.  In further support of his contention that Plaintiff has no liability whatsoever to Defendants and that they are entitled to take nothing in this action, Wilson hereby states as follows:

  1.    Wilson hereby denies the allegations set forth in Paragraph 1 of the Counterclaim, except to admit that during or about September 2004, Defendants "approached" Plaintiff concerning the scheduled foreclosure of his house at 1905 2nd Street, NE, Washington, DC 20002 (the"2nd Street Property"), and solicited Wilson concerning a financing arrangement that allegedly could help him save the property.  Plaintiff denies knowledge of information sufficient as to form a belief as to the truth or falsity concerning the remainder of the allegations contained in Paragraph

1 of the Counterclaim, and thus, denies Defendants' contentions thereunder and demand strict proof of the same.

2.     Wilson hereby denies the allegations set forth in Paragraph 2 of the Counterclaim, except to admit that because Wilson was no aware of Defendants' or their business activities, he only gave Defendants basic information confirming the existence of his Chapter 13 bankruptcy case and the fact that the 2nd Street Property had been scheduled for foreclosure by ABN AMRO Mortgage Group, Inc. ("ABN AMRO") and the law firm of Friedman & MacFayden, PA (the "Friedman Law Firm").  In further response to this Paragraph, Defendants expressly advised Plaintiff that they knew of ABN AMRO and were very familiar with the Friedman Law Firm.

3.     Wilson hereby denies each and every allegation set forth in Paragraph 3 of the Counterclaim and demands strict proof of the same.

4.     Wilson hereby denies the allegations contained in Paragraph 4 of the Counterclaim, except to admit that Plaintiff advised Defendants that he was in Chapter 13 bankruptcy proceedings, and that his attorney had filed an Emergency Motion seeking to stay the scheduled foreclosure of the 2nd Street Property in the Bankruptcy Court.  Plaintiff denies knowledge of information sufficient as to form a belief as to the truth or falsity concerning the remainder of the allegations contained in Paragraph 4 of the Counterclaim, and thus, denies Defendants' contentions thereunder and demand strict proof of the same.

5.     Wilson hereby denies each and every allegation set forth in Paragraph 5 of the Counterclaim and hereby denies strict proof of the same.  In further response to this Paragraph, Wilson affirmatively states that it was Defendants, and not Plaintiff, that applied pressure to completing a financing deal by asserting, among other things, that "you [Wilson] need to have a back up plan in case the Bankruptcy Court denies the emergency motion."

6.    Wilson hereby denies the allegations contained in Paragraph 6 of the Counterclaim, except to admit that Plaintiff informed Defendants that the Bankruptcy Court denied his emergency motion to stay the foreclosure sale of the 2nd Street Property.

7.    Wilson hereby denies the allegations contained in Paragraph 7 of the Counterclaim, except to admit that Plaintiff advised Defendants that his attorney planned to appeal the Bankruptcy Court's decision denying the stay and was looking into filing a separate lawsuit against ABN AMRO and/or the Friedman Law Firm.

8.    Wilson hereby denies each and every allegation contained in Paragraph 8 and accompanying footnote of the Counterclaim and demands strict proof of the same.

9.    Wilson hereby denies the allegations contained in Paragraph 9 and accompanying footnote of the Counterclaim, except to admit that at the first face-to-face meeting between the parties took place at Zeretia Brooks' home and that Plaintiff, his attorney and then unknown gentlemen identifying themselves as Luther Hector and "Barrett Ware" appeared on behalf of a so-called limited liability company they identified as "Home Savers".  Although unknown to the Plaintiff and his counsel before any documents were signed:  (a) no one representing the Defendants was identified as or ever mentioned the name "Dan Felton"; Home Savers is not now and never was a limited liability company authorized to do business in the District of Columbia; and (c) the only business card Plaintiff and his counsel ever received from Defendants was the business card of and from the individual identifying himself that evening as "Barrett Ware".  In further response to this Counterclaim, Plaintiff submits that if Defendants were dishonest about their own identities at the initial stages of their dealings with Wilson they are not to be believed on matters of substance in this action.  A true and correct copy of the business card that Defendants presented to Plaintiff is attached hereto as Exhibit No. "1".

10.    Wilson hereby denies each and every allegation contained in Paragraph 10 of the Counterclaim and demands strict proof of the same.

11.    Wilson hereby denies each and every allegation contained in Paragraph 11of the Counterclaim and demands strict proof of the same.

12.    Wilson hereby denies each and every allegation contained in Paragraph 12 of the Counterclaim and demands strict proof of the same.  In further response to this Paragraph 12, Wilson affirmatively states that at no time did he ever agree to sell the 2nd Street Property to Defendants; and Defendants never mentioned that they were "buying" the property as part of the post-bankruptcy loan.

13.    Wilson hereby denies each and every allegation contained in Paragraph 13 of the Counterclaim and demands strict proof of the same.  In further response to this Paragraph, Wilson notes that the outstanding balance on his mortgage account with ABN AMRO was less than $85,000, and thus, Defendants' after the fact attempts to boost that number is nothing more than a veiled effort to justify their unconscionable and inequitable financing package.

14.    Wilson hereby denies each and every allegation contained in Paragraph 14 of the Counterclaim and demands strict proof of the same.  In further response to this Paragraph, Wilson notes that the only document Defendants presented to Plaintiff during the initial meeting was the authorization to pull his credit report, which Defendants indicated was necessary to get started in the event Wilson decided to accept Defendants' financing package.  Based on the Authorization form, Defendants were able to verify, among other things, the Chapter 13 Bankruptcy filing, as well as Plaintiff's mortgage account with ABN AMRO.  A true and correct copy of Defendants' Authorization Form is attached hereto as Exhibit No. "2".

15.    Wilson hereby denies each and every allegation contained in Paragraph 15 of the

Counterclaim and demands strict proof of the same.

16.     Wilson hereby denies each and every allegation contained in Paragraph 16 of the Counterclaim and demands strict proof of the same.  In further response to this Paragraph, Plaintiff affirmatively states that Defendants indicated:  (a) without mentioning any specific names, that they had an established "network" of lenders who could refinance Wilson's obligations on the 2nd Street Property; and (b) they guaranteed Wilson could obtain refinancing because "[they] would never do a deal with Wilson or anyone else unless they first confirmed that the borrower could obtain refinancing via their network of lenders".

17.     Wilson hereby denies each and every allegation contained in Paragraph 17 of the Counterclaim and demands strict proof of the same.  In further response to this Paragraph, Plaintiff notes that the Home Page of Defendants' website expressly states, "DO NOT FILE BANKRUPTCY" which signifies, among other things, that Defendants either knew that their financing package required, among other things, Court approval under the Federal Bankruptcy Code and Rules, or exhibited a reckless disregard for the legality of their actions in connection with this dispute.  A true and correct copy of Defendants' Home Page to the website is attached hereto as Exhibit No. "3".

18.     Wilson hereby denies each and every allegation contained in Paragraph 18 of the Counterclaim and demands strict proof of the same.

19.     Wilson hereby denies each and every allegation contained in Paragraph 19 of the Counterclaim and demands strict proof of the same.

20.     Wilson hereby denies each and every allegation contained in Paragraph 20 of the Counterclaim and demands strict proof of the same.

21.     Wilson hereby denies each and every allegation contained in Paragraph 21 and the

accompanying footnote of the Counterclaim and demands strict proof of the same.

22.    Wilson hereby denies each and every allegation contained in Paragraph 22 of the Counterclaim and demands strict proof of the same.

23.    Wilson hereby denies the allegations contained in Paragraph 23 of the Counterclaim, except to admit that Plaintiff met with Defendants outside the presence of any attorneys to sign the loan documents, which then included, additional records that would transfer a security interest and title of the property to Defendants.

24.    Wilson hereby denies the allegations contained in Paragraph 24 of the Counterclaim, except to admit that Defendants never informed him that he was giving up an ownership interest or rights in the 2nd Street Property when signing the loan documents.

25.    Wilson hereby denies each and every allegation contained in Paragraph 25 and the accompanying footnote of the Counterclaim and demands strict proof of the same.

26.    Wilson hereby denies each and every allegation contained in Paragraph 26 of the Counterclaim and demands strict proof of the same.

27.    Wilson hereby denies the allegations contained in Paragraph 27 of the Counterclaim, except to admit that Defendants required him to execute numerous financing documents, outside the presence of his attorney, including a Deed of Trust and a Deed, which Defendants slid into the loan package without Plaintiff's knowledge or consent.

28.    Wilson hereby denies each and every allegation contained in Paragraph 28 of the Counterclaim and demands strict proof of the same.

29.    Wilson hereby denies the allegations contained in Paragraph 29 of the Counterclaim, except to admit that Defendants remitted $30.525.14 to the Friedman Law Firm, which reinstated Plaintiff's mortgage account with ABN AMRO.  In further response to this Paragraph, Plaintiff

asserts that all his actions were designed to retain ownership of the 2nd Street Property so he would have never sold it for so far less than fair market value.

30.     Wilson hereby denies each and every allegation contained in Paragraph 26 of the Counterclaim and demands strict proof of the same.  In further response to this Paragraph, Plaintiff notes that he tried for months to refinance his obligations on the 2nd Street Property and that Defendants repeatedly thwarted these efforts ostensibly on the grounds that they could earn more fees if they controlled all phases of the refinancing (e.g., title work, settlement, etc.).

31.     Plaintiff denies knowledge of information sufficient as to form a belief as to the truth or falsity concerning the allegations contained in Paragraph 31 of the Counterclaim, and thus, denies Defendants' contentions thereunder and demand strict proof of the same.

32.     Plaintiff denies knowledge of information sufficient as to form a belief as to the truth or falsity concerning the allegations contained in Paragraph 32 of the Counterclaim, and thus, denies Defendants' contentions thereunder and demand strict proof of the same.

33.     Plaintiff denies knowledge of information sufficient as to form a belief as to the truth or falsity concerning the allegations contained in Paragraph 33 of the Counterclaim, and thus, denies Defendants' contentions thereunder and demand strict proof of the same.   In further response to this Paragraph, Plaintiff notes that he tried for months to refinance his obligations on the 2nd Street Property and that Defendants repeatedly thwarted these efforts ostensibly on the grounds that they could earn more fees if they controlled all phases of the refinancing (e.g., title work, settlement, etc.).

34.     Wilson hereby denies each and every allegation contained in Paragraph 34 of the Counterclaim and demands strict proof of the same.

35.    Wilson admits only that he has not made any payments to Defendants in response to the illegal financing, or Defendants demands therefore.  In further response to this Paragraph, Plaintiff notes that he has filed this suit seeking a declaratory judgment regarding the same to void the illegal transaction.

36.    Wilson admits only that: (a) he has filed suit against Defendants; (b) the Verified Complaint speaks for itself; and (c) one form of relief that he is seeking thereunder is to void the illegal financing arrangement set up by Defendants.

37.    Wilson hereby denies each and every allegation contained in Paragraph 37 of the Counterclaim and demands strict proof of the same.  In further response to this Paragraph, Wilson notes that Defendants' Counterclaim either is moot because it relates to the same transaction and occurrences now pending in an Adversary Proceeding No. 06-10037 before the U.S. Bankruptcy Court; or impermissible as illicit profiteering of wrongdoers.

## Count 1

### (Breach of Contract)

38.    Wilson hereby denies each and every allegation contained in Paragraph 38 of the Counterclaim, except in those specific instances when Plaintiff has expressly admitted an allegation or otherwise pleaded that he lacks sufficient information to form a basis as to the truth or falsity of any allegation in the Counterclaim.  All other allegations in the Counterclaim, not expressly admitted herein are hereby denied, and Plaintiff demands strict proof of the same.

39.    Wilson hereby denies each and every allegation contained in Paragraph 39 of the Counterclaim and demands strict proof of the same.

40.    Wilson hereby denies each and every allegation contained in Paragraph 40 of the Counterclaim and demands strict proof of the same.

41.    Wilson hereby denies each and every allegation contained in Paragraph 41 of the Counterclaim and demands strict proof of the same.

42.    Wilson hereby denies each and every allegation contained in Paragraph 41 of the Counterclaim and demands strict proof of the same.  The WHEREFORE clause following Paragraph 42 of the Counterclaim constitutes Defendants prayer for relief on Count 1 of the Counterclaim to which no formal reply is required.  To the extent, an answer is necessary or appropriate, Plaintiff hereby denies that Defendant is entitled to any relief on their Counterclaim, and respectfully requests that this Court enter an order dismissing the Counterclaim, with prejudice, together with such other and further relief favoring Wilson and this Court deems proper.

## Count 2

### (Negligent Misrepresentation)

43.    Wilson hereby denies each and every allegation contained in Paragraph 43 of the Counterclaim, except in those specific instances when Plaintiff has expressly admitted an allegation or otherwise pleaded that he lacks sufficient information to form a basis as to the truth or falsity of any allegation in the Counterclaim.  All other allegations in the Counterclaim, not expressly admitted herein are hereby denied, and Plaintiff demands strict proof of the same.

44.    Wilson hereby denies each and every allegation contained in Paragraph 44 of the Counterclaim and demands strict proof of the same.

45.    Wilson hereby denies each and every allegation contained in Paragraph 45 of the Counterclaim and demands strict proof of the same.

46.    Wilson hereby denies each and every allegation contained in Paragraph 46 of the Counterclaim and demands strict proof of the same.

47.     Wilson hereby denies each and every allegation contained in Paragraph 47 of the Counterclaim and demands strict proof of the same.

48.     Wilson hereby denies each and every allegation contained in Paragraph 48 of the Counterclaim and demands strict proof of the same.

49.     Wilson hereby denies each and every allegation contained in Paragraph 49 of the Counterclaim and demands strict proof of the same.  The WHEREFORE clause following Paragraph 49 of the Counterclaim constitutes Defendants prayer for relief on Count 2 of the Counterclaim to which no formal reply is required.  To the extent, an answer is necessary or appropriate, Plaintiff hereby denies that Defendant is entitled to any relief on their Counterclaim, and respectfully requests that this Court enter an order dismissing the Counterclaim, with prejudice, together with such other and further relief favoring Wilson and this Court deems proper.

## Count 3

### (Promissory Estoppel)

50.     Wilson hereby denies each and every allegation contained in Paragraph 50 of the Counterclaim, except in those specific instances when Plaintiff has expressly admitted an allegation or otherwise pleaded that he lacks sufficient information to form a basis as to the truth or falsity of any allegation in the Counterclaim.  All other allegations in the Counterclaim, not expressly admitted herein are hereby denied, and Plaintiff demands strict proof of the same.

51.     Wilson hereby denies each and every allegation contained in Paragraph 51 of the Counterclaim and demands strict proof of the same.

52.    Wilson hereby denies each and every allegation contained in Paragraph 49 of the Counterclaim and demands strict proof of the same.  The WHEREFORE clause following Paragraph 52 of the Counterclaim constitutes Defendants prayer for relief on Count 3 of the Counterclaim to which no formal reply is required.  To the extent, an answer is necessary or appropriate, Plaintiff hereby denies that Defendant is entitled to any relief on their Counterclaim, and respectfully requests that this Court enter an order dismissing the Counterclaim, with prejudice, together with such other and further relief favoring Wilson and this Court deems proper.

### Count 4

### (Intentional Misrepresentation)

53.  Wilson hereby denies each and every allegation contained in Paragraph 53 of the Counterclaim, except in those specific instances when Plaintiff has expressly admitted an allegation or otherwise pleaded that he lacks sufficient information to form a basis as to the truth or falsity of any allegation in the Counterclaim.  All other allegations in the Counterclaim, not expressly admitted herein are hereby denied, and Plaintiff demands strict proof of the same.

54.    Wilson hereby denies each and every allegation contained in Paragraph 54 of the Counterclaim and demands strict proof of the same.

55.    Wilson hereby denies each and every allegation contained in Paragraph 55 of the Counterclaim and demands strict proof of the same.

56.    Wilson hereby denies each and every allegation contained in Paragraph 56 of the Counterclaim and demands strict proof of the same.

57.    Wilson hereby denies each and every allegation contained in Paragraph 57 of the Counterclaim and demands strict proof of the same.

58.     Wilson hereby denies each and every allegation contained in Paragraph 58 of the Counterclaim and demands strict proof of the same.

59.     Wilson hereby denies each and every allegation contained in Paragraph 59 of the Counterclaim and demands strict proof of the same.  The WHEREFORE clause following Paragraph 59 of the Counterclaim constitutes Defendants prayer for relief on Count 4 of the Counterclaim to which no formal reply is required.  To the extent, an answer is necessary or appropriate, Plaintiff hereby denies that Defendant is entitled to any relief on their Counterclaim, and respectfully requests that this Court enter an order dismissing the Counterclaim, with prejudice, together with such other and further relief favoring Wilson and this Court deems proper.

## Count 5

### (Quantum Meruit)

60.     Wilson hereby denies each and every allegation contained in Paragraph 60 of the Counterclaim, except in those specific instances when Plaintiff has expressly admitted an allegation or otherwise pleaded that he lacks sufficient information to form a basis as to the truth or falsity of any allegation in the Counterclaim.  All other allegations in the Counterclaim, not expressly admitted herein are hereby denied, and Plaintiff demands strict proof of the same.

61.     Wilson hereby denies each and every allegation contained in Paragraph 61 of the Counterclaim and demands strict proof of the same.

62.     Wilson hereby denies each and every allegation contained in Paragraph 62 of the Counterclaim and demands strict proof of the same.

63.     Wilson hereby denies each and every allegation contained in Paragraph 63 of the Counterclaim and demands strict proof of the same.

64.    Wilson hereby denies each and every allegation contained in Paragraph 64 of the Counterclaim and demands strict proof of the same.  The WHEREFORE clause following Paragraph 64 of the Counterclaim constitutes Defendants prayer for relief on Count 5 of the Counterclaim to which no formal reply is required.  To the extent, an answer is necessary or appropriate, Plaintiff hereby denies that Defendant is entitled to any relief on their Counterclaim, and respectfully requests that this Court enter an order dismissing the Counterclaim, with prejudice, together with such other and further relief favoring Wilson and this Court deems proper.

**Count 6**

**(Unjust Enrichment)**

65.    Wilson hereby denies each and every allegation contained in Paragraph 65 of the Counterclaim, except in those specific instances when Plaintiff has expressly admitted an allegation or otherwise pleaded that he lacks sufficient information to form a basis as to the truth or falsity of any allegation in the Counterclaim.  All other allegations in the Counterclaim, not expressly admitted herein are hereby denied, and Plaintiff demands strict proof of the same.

66.    Wilson hereby denies each and every allegation contained in Paragraph 66 of the Counterclaim and demands strict proof of the same.

67.    Wilson hereby denies each and every allegation contained in Paragraph 67 of the Counterclaim and demands strict proof of the same.

68.    Wilson hereby denies each and every allegation contained in Paragraph 68 of the Counterclaim and demands strict proof of the same.  The WHEREFORE clause following Paragraph 68 of the Counterclaim constitutes Defendants prayer for relief on Count 6 of the Counterclaim to which no formal reply is required.  To the extent, an answer is necessary or

appropriate, Plaintiff hereby denies that Defendant is entitled to any relief on their Counterclaim, and respectfully requests that this Court enter an order dismissing the Counterclaim, with prejudice, together with such other and further relief favoring Wilson and this Court deems proper.

**(Count 7)**

**(Declaratory Judgment/Quiet Title)**

69.     Wilson hereby denies each and every allegation contained in Paragraph 69 of the Counterclaim, except in those specific instances when Plaintiff has expressly admitted an allegation or otherwise pleaded that he lacks sufficient information to form a basis as to the truth or falsity of any allegation in the Counterclaim. All other allegations in the Counterclaim, not expressly admitted herein are hereby denied, and Plaintiff demands strict proof of the same.

70.     Plaintiff admits only that he is the lawful and valid owner of the 2nd Street Property and that Defendants' misconduct has necessitated his filing of this quiet title action.

71.     Wilson hereby denies each and every allegation contained in Paragraph 71 of the Counterclaim and demands strict proof of the same. The WHEREFORE clause following Paragraph 71 of the Counterclaim constitutes Defendants prayer for relief on Count 7 of the Counterclaim to which no formal reply is required. To the extent, an answer is necessary or appropriate, Plaintiff hereby denies that Defendant is entitled to any relief on their Counterclaim, and respectfully requests that this Court enter an order dismissing the Counterclaim, with prejudice, together with such other and further relief favoring Wilson and this Court deems proper.

## AFFIRMATIVE DEFENSES

Subject to and without waiving his right to assert any additional claims or defenses that he may be entitled to assert as discovery proceeds in this matter, for his Affirmative Defenses to the Counterclaim, Wilson hereby asserts as follows:

## FIRST AFFIRMATIVE DEFENSE

1.      Defendants' Counterclaim is barred on the grounds of mootness or lack of subject matter jurisdiction to the extent the allegations and claims asserted therein arise out of or are related to the Counts I and III of Plaintiff's Verified Complaint, which were referred to the U.S. Bankruptcy Court, after briefing and argument of the parties, by 2006 Order of Reference from this Court.  Defendants, by representation of counsel, have made it clear to this Court and the Bankruptcy Court that they knowingly and intentionally failed to file the compulsory Counterclaim in the Bankruptcy Court.

## SECOND AFFIRMATIVE DEFENSE

2.      Defendants' Counterclaim fails to state a claim, in whole or substantial part, upon which relief can be granted in its favor.

## THIRD AFFIRMATIVE DEFENSE

3.      Defendants' Counterclaim is barred, in whole or substantial part, by the doctrine of equitable recoupment.

## FOURTH AFFIRMATIVE DEFENSE

4.      Defendants' Counterclaim is barred under the U.S. Bankruptcy Code and Rules, which were in effect at the time of parties' financing transaction was made.

## FIFTH AFFIRMATIVE DEFENSE

5.      Defendants' Counterclaim is barred, in whole or substantial part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

6.      Defendants' Counterclaim is barred, in whole or substantial part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Defendants' Counterclaim is barred, in whole or substantial part, by a failure of consideration.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Defendants'  Counterclaim  is  barred  under  the  doctrine  of  unclean  hands.

## NINTH AFFIRMATIVE DEFENSE

9.  Defendants' Counterclaim is barred, in whole or substantial part, by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

10.     Defendants' Counterclaim is barred under the District of Columbia Code, including the

D.C.    Consumer    Protection    Procedures    Act    and    the    D.C.    usury    statute.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendants' Counterclaim is barred, in whole or substantial part, because any alleged

harm asserted in the Counterclaim was caused by Defendants or its assignees own conduct,

misfeasance, nonfeasance, malfeasance, actions, omissions and/or undertakings, directly or

indirectly via its officers, directors, employees, agents or professionals, including false

identification,    fraudulent    inducement,    unconscionable    terms    and    usurious.

## TWELFTH AFFIRMATIVE DEFENSE

12.  Defendants' Counterclaim is barred, in whole or substantial part, by Plaintiff's right of setoff.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.  Defendants' Counterclaim is barred, in whole or substantial part, because the financing

arrangement is a contract of adhesion.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.  Defendants' alleged right to clear title to the 2nd Street Property is a nullity because the

parties' agreement is void.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Defendants' Counterclaim is barred because Plaintiff never knowingly and willingly sold his property to Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    To the extent Defendants' suffered any alleged damages, such claims are barred, in whole or substantial part, by Plaintiff's failure to mitigate any such damages.

Respectfully submitted,

By: /s/Rawle Andrews Jr.
Rawle Andrews Jr. (DC 436283)
ANDREWS & BOWE, PLLP
1717 K Street N.W., Suite 600
Washington, DC 20036
Office: (202) 349-3975
Fax: (410) 510-1034

Dated: May 24, 2006                    Attorney for Plaintiff

## CERTIFICATE OF SERVICE & CERTIFICATION UNDER LCvR 65.1

I hereby certify on this the 24th day of May, 2006, I caused a copy of the foregoing **"PLAINTIFF'S REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM"** that was filed electronically under the ECF Guidelines with the Court on this date in the above captioned matter to be sent via certified mail, return receipt requested Defendants identified below:

Richard D. Mirsky, Esq.
8171 Maple Lawn Blvd., Suite 200
Maple Lawn, Maryland 20759
rmirsky@offitkurman.com
Counsel for Defendants

/s/Rawle Andrews Jr.
Rawle Andrews Jr., Esq.
Counsel for Plaintiff

# EXHIBIT "1"



ASSOCIATED ESTATES, LIMITED LIABILITY COMPANY

**Barrett Ware**
Ofc: (202) 508-3886
Cell: (301) 254-7786
bware@associatedestates.com

1717 K Street, NW
Suite 600
Washington, DC 20036
Fax: (202) 726-8870

# EXHIBIT "2"

## AUTHORIZATION AND CONSENT

I, _CALVERT M. WILSON_, do hereby authorize <u>Barrett Ware</u> of Home-Savers, LLC
and/or <u>Daniel Roth, Esquire</u>, of the Law offices of Obergh and Berlin, to: including but
not limited to: inquire into my mortgage balance, payment history, etc, to make payments
and to request pay-off statements. My Loan number is _000 1019 753_,
My social security number is _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_,
my date of birth is _03-29-71_.


_CALVERT M. WILSON_                              _10-8-04_

PRINT NAME                                              Date

CW 0821

# EXHIBIT "3"



Home     Services     About Us     Contact Us





# STOP FORECLOSURE NOW!!!

## CALL (202) 726-SAVE

- KEEP YOUR HOME
- DO NOT FILE BANKRUPTCY
- CALL US IMMEDIATELY (202) 726-SAVE

**WHAT HOMESAVERSPLUS CAN DO FOR YOU**

WE SPECIALIZE IN STOPPING FORECLOSURES.

OUR FRIENDLY & EXPERIENCED STAFF WILL BRING ALL OF
OUR RESOURCES BEAR AND SOLVE YOUR FORECLOSURE
PROBLEM